IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| M.Q., *et al.* | : | |
| | : | |
| v. | : | Civil No. CCB-05-1310 |
| | : | |
| BALTIMORE COUNTY<br>PUBLIC SCHOOLS | : | |

## MEMORANDUM

The plaintiffs in this suit, M.Q., who is a minor, and his parents, initially filed their complaint in the Circuit Court of Maryland for Baltimore County. Plaintiffs initiated this action, pursuant to Md. Code Ann., Educ. § 8-401 et seq. and the Code of Maryland Regulations ("COMAR") § 13A.05.01 et seq., as an appeal of a decision by the Maryland Office of Administrative Hearings. Subsequently, the Baltimore County Public Schools ("BCPS") filed a notice of removal to federal court under 28 U.S.C. §§ 1441 and 1446 arguing that the plaintiffs' claims arise under the Individuals with Disabilities Education Act, 20 U.S.C. § 1400 et seq. ("IDEA"), a federal law. See 28 U.S.C. § 1331. In response, the plaintiffs filed a motion to remand, arguing that their claims rely exclusively on Maryland state law and do not arise under federal law. The parties have fully briefed the motion and no hearing is necessary.[1] Local Rule 105.6. For the reasons that follow, the plaintiffs' motion to remand will be denied.

## BACKGROUND

---

[1] BCPS's motion for leave to file surreply will be denied because it does not address any new issues raised in the plaintiffs' memorandum in reply to defendant's opposition.

1

M.Q. is a former student of BCPS. While extremely intelligent, M.Q. suffers from depression and anxiety disorder. As a result, M.Q. has had major problems at Hereford Middle School and on numerous occasions, M.Q. has been unable to attend school at Hereford. Furthermore, these difficulties have negatively affected M.Q.'s academic performance. Despite these problems, M.Q.'s Individualized Education Program ("IEP") team determined that M.Q. was not entitled to special education services (Def.'s Memo. in Support of Removal, Ex. A).

As a result of M.Q.'s continued struggles and BCPS's failure to provide him with what the plaintiffs believed was an appropriate classification, the plaintiffs unilaterally enrolled M.Q. in Ruxton Country Day School, a small private school specializing in meeting the needs of students with disabilities. Believing that BCPS had failed to appropriately classify M.Q., the plaintiffs initiated a due process hearing seeking reimbursement for the costs of Ruxton Country Day School. In their request for a due process hearing, the plaintiffs stated that M.Q. "[s]hould be identified for and receiving services pursuant to the Individuals with Disabilities Education Act." (Def.'s Memo. in Support of Removal, Ex. B at 4). The plaintiffs did not cite Maryland law in their request for a due process hearing. *Id*.

The due process hearing was conducted "[p]ursuant to the Individuals with Disabilities Education Act Reauthorization, Disabilities Education Act Amendments of 1997, 20 U.S.C.A. § 1415(f) (Supp. 2003), 34 C.F.R. § 300.510 (2003), Md. Code. Ann., Educ. § 8-413 (2004) and the Maryland State Department of Education Guidelines for Maryland Special Education Mediation/Due Process Hearings..." (Def.'s Memo. in Support of Removal, Ex. C at 1). On October 8, 2004, Administrative Law Judge ("ALJ") John Zell ruled that M.Q. was not a child with a disability and, therefore, was not entitled to special education services. (Id. at 16).

2

While Judge Zell referenced both federal and Maryland state law in his Statement of the Case,[2] in deciding whether M.Q. is a student with a disability, Judge Zell relied exclusively on federal law. Specifically, Judge Zell concluded "as a matter of law, that the Child is a not a child with a disability as defined at 20 U.S.C. § 1402(3), 1414(b)(4), (5)(2002) and 34 C.F.R. 300.7(a)(1), and therefore is not entitled to special education or related services," without referencing the parallel state law provisions. (Id.).

The plaintiffs appealed Judge Zell's decision pursuant to Md. Code Ann., Educ. § 8-401 et seq. by filing a complaint in the Circuit Court of Baltimore County. The complaint does not reference the IDEA or any other federal law; on its face, the complaint seeks relief based entirely on state law.

## ANALYSIS

State court actions which originally could have been filed in federal court may be removed to federal court by the defendant pursuant to 28 U.S.C. § 1441. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392, 107 S.Ct. 2425, 96 L.Ed.2d 318 (1987); Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Section 1441 provides, in pertinent part, that "any civil action brought in a state court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." Absent diversity of citizenship, the propriety of removal under § 1441 depends on whether the action is one "arising under the Constitution, laws, or treaties of the

---

[2]For example, Judge Zell stated, "[a]fter reviewing the facts in this case, I conclude that BCPS's request [to dismiss] is well founded under both Federal and State law." (Def.'s Memo. in Support of Removal, Ex. C at 15).

United States," as set forth by 28 U.S.C. § 1331. Mulcahey, 29 F.3d at 151.

"[F]ederal question jurisdiction is determined by the well-pleaded complaint rule, which provides that the federal question must be presented on the face of the plaintiff's properly pleaded complaint to confer jurisdiction, and the plaintiff may avoid federal jurisdiction by relying exclusively on state law." Owen v. Carpenters' Dist. Council, 161 F.3d 767, 772 (4th Cir. 1998) (internal quotations and citation omitted); see also Pinney v. Nokia, Inc., 402 F.3d 430, 442 (4th Cir. 2005). Ordinarily, therefore, the plaintiff as "the master of his complaint" may select a state forum by choosing to rely on state law claims only, even if the facts alleged also would support a claim under federal law. See Franchise Tax Bd. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 22, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983); Custer v. Sweeney, 89 F.3d 1156, 1165 (4th Cir. 1996). Removal jurisdiction raises "significant federalism concerns," and therefore must be strictly construed. Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004) (en banc) (quoting Mulcahey, 29 F.3d at 151). The burden of establishing federal jurisdiction is on the party seeking removal. *Id.* If the claim to federal jurisdiction is doubtful, then the court must remand the action to state court. Id.

Recognizing that the complaint does not on its face allege any federal claims, the defendant seeks to invoke the artful pleading doctrine to support federal removal jurisdiction. The artful pleading doctrine permits a court to look behind a complaint to determine whether a plaintiff is attempting to conceal the federal nature of his claim by fraud or obfuscation. State of Md. v. Philip Morris Inc., 934 F.Supp. 173, 175 (D. Md. 1996). Artful pleading refers to the manner in which some plaintiffs manage to plead claims that are actually federal (because they are either completely preempted, or based entirely on substantial federal questions) under state

4

law.[3]  Lippitt v. Raymond James Financial Services, Inc., 340 F.3d 1033, 1041-42 (9th Cir. 2002); Cheshire v. Coca-Cola Bottling Affiliated, Inc., 758 F.Supp. 1098, 1100 (D. S.C. 1990). In such cases, a court need not "blind itself to the real gravamen of [the] claim." Philip Morris, 934 F.Supp. at 176 (quoting In re Wiring Device Antitrust Litig., 498 F.Supp. 79, 82 (E.D. N.Y. 1980)).

The history of this dispute revolves around the IDEA.  First, the plaintiffs requested a due process hearing to determine if M.Q. was a child with a disability under the IDEA. (Def.'s Memo. in Support of Removal, Ex. B at 4).  Next, Judge Zell explicitly concluded M.Q. was not a child with disability under the IDEA. (Def.'s Memo. in Support of Removal, Ex. C at 16) (citing 20 U.S.C. § 1402(3), 1414(b)(4), (5)(2002) and 34 C.F.R. 300.7(a)(1)).  While the plaintiffs do not cite to the IDEA on the face of their complaint, their claim arises under federal law.  See Mulcahey, 29 F.3d at 151-52.  The plaintiffs' current attempt to argue that their claim is based solely on state law ignores the history of the current dispute, their own initial request for relief under the IDEA, and the fact that they are appealing a decision that was made pursuant to federal law.  Whether intentional or not, the plaintiffs' complaint presents an example of obfuscation.

Furthermore, there are additional factors indicating that the plaintiffs' cause of action arises under the IDEA.  For example, the plaintiffs are seeking to recover attorney's fees, which are available under the IDEA, 20 U.S.C. § 1415(i)(3)(B), but not under Maryland law.  See Md. Code Ann., Educ. § 8-401 et seq.  Additionally, the Maryland law at issue is modeled after and

---

[3]The defendants do not claim that the IDEA has preempted state law.

conforms to the IDEA.[4] See, e.g., § 8-401(a)(3) (stating a "'[f]ree appropriate public education' means special education and related services that: (ii) Meet the standards of the State Board regulations and the Individuals with Disabilities Education Act (20 U.S.C. 1400 et seq. 1997)"); § 8-407 (stating "[a]ll proceedings held and decisions made pursuant to this subtitle shall be in conformance with federal law").

Despite "artful pleading" to avoid stating a federal claim on the face of the complaint, the plaintiffs' claim arises under federal law. The plaintiffs cannot disguise the fact that the direct history of the dispute, including their own request for a due process hearing and the decision rendered by the ALJ, reflects reliance almost exclusively on the IDEA. Accordingly, the plaintiffs' motion for remand will be denied.

A separate Order follows.

    August 8, 2005                                           /s/

        Date                                                    Catherine C. Blake

                                                                    United States District Judge

---

[4] Given the specific history of this dispute, I need not decide whether a substantial federal question would exist in every case purportedly based exclusively on the Maryland state law, rather than the IDEA. Compare Amelia County School Bd. v. Virginia Bd. of Ed., 661 F.Supp. 889 (E.D. Va. 1987) with Still v. DeBuono, 927 F.Supp. 125 (S.D. N.Y. 1996).